UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADVANCED PHYSICAL MEDICINE of YORKVILLE, LTD., ) ) ) Plaintiff, ) ) v. ) ) ) ALLIED BENEFIT SYSTEMS, INC., ) and PARAMEDIC SERVICES OF ) ILLINOIS, INC., ) ) ) Defendants. ) | No. 22 CV 2969<br><br>Magistrate Judge Young B. Kim<br><br><br>February 16, 2023 |

**MEMORANDUM OPINION and ORDER**

Plaintiff Advanced Physical Medicine of Yorkville, Ltd. brings this action against Defendants Allied Benefit Systems, Inc. ("Allied") and Paramedic Services of Illinois, Inc. ("PSI") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Before the court is Defendants' motion to dismiss Counts I and II under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted:

**Background**

The following facts from Plaintiff's complaint are taken as true for purposes of evaluating the current motion to dismiss. *See Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 288-89 (7th Cir. 2016). Plaintiff rendered chiropractic services to an employee welfare benefit plan ("Master Plan") beneficiary during the first half of 2020. (R. 10, Amend. Compl. ¶ 12.) Before receiving these services, the beneficiary signed a release designating Plaintiff as the authorized representative,

thus assigning Plaintiff certain rights, including the right to file claims, appeals, and lawsuits on the beneficiary's behalf. (Id. ¶ 3, Ex. A.)

Plaintiff filed claims for reimbursement by the beneficiary's insurer, PSI. (Id. ¶ 6.) Under the Master Plan, PSI has a fiduciary duty to "administer and make proper determinations," review denied benefits claims, and execute claim payments. (Id.) The Master Plan delegates the responsibility to make claim determinations to Allied, a third-party claims processer. (Id. ¶ 7, Ex. C.) Plaintiff filed the claims described below with Allied pursuant to the Master Plan's claims procedure. (Id. ¶ 12.)

PSI, through Allied, agreed to pay the full amount for the beneficiary's treatment but paid Plaintiff heavily discounted amounts for treatments, thus requiring the beneficiary to pay the remaining balance. (See id. ¶ 13.) In response, Plaintiff filed an appeal in August 2020, seeking payment of the remaining balance Allied failed to reimburse. (Id. ¶ 14, Ex. B.) Allied responded to the appeal several weeks later and denied the same, explaining that "no payment will be made under this Plan for expenses incurred by a Covered person . . . which are not Reasonable and/or in excess of Usual and Customary Charges," and "for out-of-network professional charges billed on a Form CMS-1500, payment will be limited to 135% of the Medicare fee schedule." (Id. ¶ 15, Ex. C.)

The following month, Plaintiff submitted another appeal to Allied. (Id. ¶ 16, Ex. D.) The parties dispute whether the Master Plan allowed for this second appeal, whether Plaintiff properly submitted the appeal, and whether Allied

2

received the same. (R. 22, Def. Reply. in Supp. of Defs.' Mot. at 3.) But they do not dispute that Defendants did not respond to the Second Appeal. (R. 10, Amend. Compl. ¶ 5.) In January 2021, Plaintiff submitted a third appeal asking for supporting documents. (Id. ¶ 18, Ex. E.) Defendants did not respond to this appeal either. (Id. ¶ 19.) Plaintiff then filed this lawsuit. (Id.)

Plaintiff seeks the following from PSI and Allied: (1) $18,941.12 in alleged unpaid medical claims under ERISA, 29 U.S.C. § 1132(a)(1)(B), (Id. ¶ 27) ("Count I"); (2) statutory penalties for PSI's failure to provide Plaintiff a copy of the Master Plan documents as required under ERISA, 29 U.S.C. § 1132(c)(1)(A), (Id. ¶ 33) ("Count II"); (3) damages under Illinois common law on the theory that Allied misrepresented itself when it told Plaintiff that its out-of-network fee schedule was based upon reasonable and customary charges, (Id. ¶ 42) ("Count III"); and (4) damages under a promissory estoppel theory because Plaintiff allegedly acted in reliance on Allied's promise that it would pay for services at the usual and customary rates, (Id. ¶ 47) ("Count IV").

## Analysis

Defendants argue that Counts I and II ("ERISA claims") should be dismissed because Plaintiff lacks standing to file them under ERISA. (R. 13, Mem. in Supp. of Defs.' Mot. at 5.) A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger*, 843 F.3d at 289. A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that is sufficient to provide defendant with "fair notice" of the claim and

3

the basis for it, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, the plaintiff need only allege sufficient facts to show its claim is facially plausible. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the complaint does not reflect such an inference in relation to a given claim, that claim must be dismissed. *Sloan v. Am. Tumor Ass'n*, 901 F.3d 891, 895-96 (7th Cir. 2018). *Iqbal*'s plausibility standard, however, does not amount to a "probability requirement." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

**A.     Standing under ERISA**

Defendants argue that Plaintiff's ERISA claims fail to state a viable claim because the Master Plan includes an anti-assignment clause that bars beneficiaries from assigning medical providers the right to bring federal lawsuits on their behalf. (R. 12, Defs.' Mot. to Dismiss ¶¶ 6-8.) The anti-assignment clause states that the Master Plan "will use its best efforts to recognize assignments of benefits from providers of services but the Plan will not recognize any assignment of a Covered Person's right to bring a cause of action or otherwise initiate a legal proceeding arising from an adverse benefit determination." (R. 10, Amend. Compl., Ex. C at 107.) In light of this clause, Defendants argue that the complaint fails to show that Plaintiff has the necessary authority to bring ERISA claims. (R. 13, Mem. in Supp. of Defs.' Mot. at 5.)

4

To bring a civil action in federal court under ERISA, a party generally must be a participant or beneficiary of a health plan. *Penn. Chiropractic Ass'n v. Indep. Hosp. Indem. Plan, Inc.*, 802 F.3d 926, 927 (7th Cir. 2015); *see also* 28 U.S.C. § 1132(a). However, a participant or beneficiary may assign certain of her rights to a medical provider to act on her behalf and—if the participant or beneficiary does so—the provider becomes a beneficiary as defined under ERISA. *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991). These rights are assignable only if granted through a valid contract between the medical provider and the beneficiary, *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 615 (7th Cir. 2002), and "the ERISA plan itself permits assignment, assignability being a matter of freedom of contract in the absence of a statutory bar," *Hoogenboom v. Trs. of Allied Servs. Div. Welfare Fund*, 593 F. Supp. 3d 826, 831 (N.D. Ill. 2022) (quoting *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 615 (7th Cir. 2002)). ERISA directs courts to follow ERISA plans strictly, *Kennedy*, 924 F.2d at 700; *see also* 29 U.S.C. § 1104(a)(1)(D), and invalid or prohibited assignments are grounds to dismiss a medical provider's suit, *see, e.g.*, *Griffin v. Seven Corners, Inc.*, No. 21 CV 2332, 2021 WL 6102167, at *2 (7th Cir. Dec. 22, 2021) ("[E]ven if a medical provider has been designated as an assignee to receive rights and benefits, she may not collect statutory penalties unless the assignment is valid under the terms of the ERISA plan.") (internal citations omitted). To be sure, in *Griffin* the Seventh Circuit affirmed summary judgment for the defendant insurance company because the plaintiff medical provider did not have a valid assignment of benefits from the

5

beneficiary of the health plan. *Id.* The plan in *Griffin* required the defendant insurance company's written consent for a valid assignment of benefits, which the defendant did not provide. *Id.*

Because Plaintiff is neither the original participant nor a beneficiary of the Master Plan, it relies on an assignment of benefits to have standing to sue. (R. 10, Amend. Compl. ¶ 3, Ex. A.) However, given the Master Plan's anti-assignment clause, the court agrees with Defendants that, like in *Griffin*, dismissal is warranted because the Master Plan prohibits beneficiaries from assigning medical providers the right to bring a lawsuit arising from an adverse benefits determination. *See Griffin*, 2021 WL 6102167, at*2. And while Plaintiff attempts to distinguish this case from *Griffin*, noting that the anti-assignment clause there required the plan administrator's written consent to be effective, whereas here, written consent was not required, (R. 17, Pl.'s Resp. at 2-3), the court declines to read *Griffin* so narrowly. Here, the anti-assignment clause is abundantly clear, rendering invalid "any assignment" of the right to bring a lawsuit "arising from an adverse benefit determination." (R. 10, Amend. Compl., Ex. C at 107.) Accordingly, because the complaint fails to show that Plaintiff has standing to bring the ERISA claims, the motion to dismiss must be granted.

**B.      ERISA Regulation**

Plaintiff attempts to salvage the ERISA claims by arguing that the anti-assignment clause is expressly prohibited by ERISA, which provides that "[t]he claims procedures [may] not preclude an authorized representative of a claimant

6

from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination." *See* 29 C.F.R. § 2560.503-1(b)(4). Plaintiff argues that "the right to initiate a legal proceeding" is part of the right to bring a "benefit claim or appeal," and the anti-assignment clause therefore violates ERISA by purporting to prohibit Plaintiff from filing this case. (R. 17, Pl.'s Resp. at 3.) However, Plaintiff provides no authority for this interpretation. Plaintiff cites *Morlan*, 298 F.3d 609, but that case merely holds that "claims . . . are assignable, provided . . . the ERISA plan itself permits assignment." Likewise, the court in *LB Surgery Center, LLC v. Boeing Co.*, No. 17 CV 282, 2017 WL 5171222, at *4 (N.D. Ill. Nov. 8, 2017) (internal citation and quotations omitted), merely held that "[a medical provider] must be entitled to a benefit under the Plan, [and can]not just be someone authorized to vindicate another's right to benefits." Neither case says that Section 2560.503-1(b)(4) prohibits insurance companies from limiting the rights of beneficiaries to assign their rights to medical providers.

Instead, courts that have addressed the issue have taken the opposite position, consistently holding that Section 2560.503-1(b)(4) does not apply to federal lawsuits. *See, e.g., Atl. Neurosurgical Specialists P.A. v. United Healthcare Grp. Inc.*, No. 13 CV 834, 2021 WL 3124313, at *9 (D.N.J. July 22, 2021) (finding that Section 2650.503-1(b)(4) applies to submission of administrative claims and appeals on behalf of beneficiaries but not civil actions filed in federal courts); *Menkowitz v. Blue Cross Blue Shield of Ill.,* No. 14 CV 2946, 2014 WL 5392063, at *3 (D.N.J. Oct. 23, 2014) (same); *All. Med. LLC v. Aetna Life Ins. Co.,* No. 16 CV 2435, 2017 WL

7

394524, at *3 & n.3 (D. Ariz. Jan. 30, 2017) (same); *Mem'l Hermann Health Sys. v. Pennwell Corp. Med. & Vision Plan*, No. 17 CV 2364, 2017 WL 6561165, at *10 (S.D. Tex. Dec. 22, 2017) (same). In short, Section 2560.503-1(b)(4) does not save Plaintiff's ERISA claims.

C. **Authorized Representative**

Plaintiff further argues that even if the anti-assignment clause is valid, the Master Plan nonetheless allows a beneficiary's authorized representative to sue in court. (R. 17, Pl.'s Resp. at 3-4.) Plaintiff highlights the Master Plan's inclusion of the phrase "You [the Patient]" and "Your authorized representative" in several places and argues that this language shows that an assignment of benefits can be valid in certain instances. (Id.; R. 10, Ex. C at 102-105.) However, when using these phrases, the Master Plan refers only to limited rights, *e.g.*, filing a claim or an internal or external appeal. (R. 10, Ex. C at 102-105.) Nowhere does the Master Plan state that an "authorized representative" may sue in court.

Finally, Plaintiff relies on *LB Surgery* to argue that claims need not be dismissed where a medical provider is authorized to file a lawsuit. This is not accurate. The court held in that case that, "[t]o qualify as an ERISA beneficiary, LB Surgery must be 'entitled to a benefit' under the Plan, not just be 'someone authorized to vindicate another's right to benefits." *LB Surgery Ctr.*, 2017 WL 5171222, at *4 (quoting *Univ. of Wis. Hosps. & Clinics Auth. v. Costco Emp. Benefits Program*, No. 15 CV 412, 2015 WL 9455851, at *2 (W.D. Wis. Dec. 23, 2015)). "Representing an ERISA beneficiary does not make a provider an ERISA

8

beneficiary itself." *Univ. of Wis. Hosps. & Clinics Auth.*, 2015 WL 9455851, at *2. As a result, even if Plaintiff can be considered an "authorized representative" of the beneficiary, this status does not provide it standing to file the ERISA claims.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is granted and Counts I and II are dismissed without prejudice.

**ENTER:**

**Young B. Kim
United States Magistrate Judge**

9